7336. MORROW *v.* THE STATE.

BROYLES, J. 1. One ground of the motion for a new trial is that a witness for the State was allowed to testify that "he had known the prosecutrix, and that he knew of nothing wrong with her." The only objection that the defendant made to this evidence at the time it was offered was that it was not in rebuttal of any testimony offered by the defendant. In view of the severe cross-examination of the prosecutrix as to her "high-kicking" propensity, her "cutting up" at night in the defendant's store when the graphophone was playing, and her numerous automobile rides with the defendant, the admission of this evidence was not erroneous for the reason given at the time of its admission.

2. In the ground of the motion for a new trial which complains of a remark made by the solicitor during his argument it is not shown or alleged that the remark was not authorized by the evidence in the case, or that it was improper for any other reason, or that it was hurtful to the accused. Consequently it does not appear that the court erred in

overruling the defendant's motion to declare a mistrial because of the remark.

3. The evidence authorized the verdict; no material error of law occurred upon the trial, and the court did not err in overruling the motion for a new trial.                    *Judgment affirmed. Russell, C. J., dissents.*

    DECIDED APRIL 21, 1916. REHEARING DENIED MAY 26, 1916.

Accusation of assault and battery; from city court of Carrollton—Judge Beall. February 11, 1916.

J. W. Morrow was convicted on an accusation charging him with assault and battery upon Mrs. H. B. Long. She testified, that while she and her husband were living at the defendant's home, the defendant, without her consent, placed his hands on her person, tried to put his arms around her, "loved" her "up a lot of times," and asked her to "stay with him," that while riding in an automobile with her he tried to kiss her, and that he "run his hand down" her dress, etc. In the brief of counsel for the plaintiff in error all grounds of the motion for a new trial, except the 2d, 8th, and 9th, were expressly abandoned. In the 2d ground it was alleged that the court erred in failing to charge the jury (though not requested so to do) that it was incumbent on the State to prove in what county the alleged offense was committed. The 8th ground is stated in the decision. The 9th ground was as follows: "Because the court erred when he overruled the counsel's motion for the defense to declare a mistrial when the solicitor, during the argument of the case, made the following remark: 'It just goes to show the conduct of J. W. Morrow about running after women.' When he made this remark counsel for the defendant asked that a mistrial be declared, and objected to the language being used. The court overruled the motion without any remark to the jury whatever, and the same is assigned as error."

*Boykin & Robinson,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.